IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-00016-CNS

In Re: SAN LUIS & RIO GRANDE RAILROAD, INC.,

    Debtor.

___

CENTRAL NEW YORK CHAPTER NATIONAL RAILROAD HISTORICAL SOCIETY, INC.,

    Appellant,

v.

WILLIAM A. BRANDT, JR.,

    Appellee.

___

**ORDER**

___

In reviewing a Bankruptcy Court's decision, the district court functions as an appellate court and is authorized to affirm, reverse, modify, or remand the bankruptcy court's ruling. Fed. R. Bankr. P. 8013. Before the Court is an appeal by Central New York Chapter National Railroad Historical Society, Inc. (Appellant) from the United States Bankruptcy Court for the District of Colorado (the Bankruptcy Court). The Appellant argues two issues on appeal: that the Bankruptcy Court erred in (1) granting Appellee William A. Brandt's Motion for Summary Judgment and (2)

1

denying Appellant's Motion to Alter or Amend Judgment. Exercising jurisdiction under 28 U.S.C. § 158(a), the Court AFFIRMS the Bankruptcy Court.[1]

## I. BACKGROUND

Debtor San Luis & Rio Grande Railroad, Inc. owns and operates a railroad that is approximately 150 miles long in Colorado. Debtor is an indirect subsidiary of Iowa Pacific Holdings, LLC. On October 16, 2019, three unsecured creditors filed an involuntary petition against Debtor in Bankruptcy Court under Chapter 11 of Title 11 of the United States Code. *See* 1 U.S.C. § 101 *et seq*. On November 7, 2019, the Bankruptcy Court entered an order for relief and on December 30, 2019, the United States Trustee appointed Appellee William A Brandt to serve as the Chapter 11 Trustee.

On March 8, 2022, Appellant filed a Complaint for Conversion against the Appellee, asserting a single claim for conversion of a railcar known as the "Palm Lane" that was being stored on Debtor's property (ECF No. 5-2 at 3-30). On April 7, 2022, Appellee filed an Answer and Affirmative Defenses (ECF No. 5-2 at 51-62). The Bankruptcy Court held a pretrial conference on May 10, 2022, and on November 30, 2022, the Appellee filed a Motion for Summary Judgment (ECF No. 5-2 at 62-73). Appellant failed to file a response to the Motion by the Colorado Bankruptcy Court Local Bankruptcy Rule 14-day deadline. L.B.R. 7056-1(e). The Bankruptcy Court granted Appellee's motion for summary judgment on December 15, 2022 (ECF No. 5-2 at 148-55).

---

[1] After examining the parties' briefs and appellate record from the Bankruptcy Court's proceedings, the Court concludes that oral argument would not materially assist in the resolution of this appeal.

Appellant filed a Motion to Alter or Amend Judgment on December 20, 2022, asking the Bankruptcy Court to vacate the order granting summary judgment, pursuant to Fed. R. Civ. P. 59(e) (ECF No. 5-2 at 152-62). *See* Fed. R. Bank. P. 9023. The motion was denied on December 30, 2022 (ECF No. 1-2).

Appellant filed a Notice of Appeal to this court on January 4, 2023, appealing the Bankruptcy Court's grant of Appellee's Motion for Summary Judgment and denial of Appellant's Motion to Alter or Amend (ECF No. 1). The appeal is fully briefed.

## II.   SUMMARY JUDGMENT

### A.  LEGAL STANDARD

District courts review a bankruptcy court's grant of summary judgment de novo. *See* Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056; *Missouri Pacific R.R. Co. v. Kansas Gas & Elec. Co.*, 862 F.2d 796, 798 (10th Cir. 1988).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.*" Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003); Fed. R. Civ. P. 56(a). The factual record and reasonable inferences must be construed in the light most favorable to the nonmoving party. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). The moving party bears the initial burden, but once met, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). Ultimately, the court's question on summary judgment is whether the facts and evidence

3

identified by the parties show "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

District courts review factual findings for clear error. *In re Unioil*, 948 F.2d 678, 681 (10th Cir.1991); Fed.R.Bankr.P. 8013. "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395(1948). In reviewing a summary judgment motion, "[t]he court should accept as true all material facts asserted and properly supported in the summary judgment motion." *Id.* Only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment. *Id.* By failing to file a response within the time specified, the nonmoving party waives the right to respond or refute the facts asserted in the summary judgment motion. *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

## B. FACTS

Because Appellant failed to file a response to the underlying Motion for Summary Judgment, the facts in Appellee's original motion are undisputed and are as follows.

In November 2012, Appellant entered into an Equipment Lease Agreement with Heritage Rail Leasing to lease the Palm Lane to Heritage (ECF No. 5-2 at 76-85). Heritage is a direct subsidiary of Iowa Pacific Holdings, LLC. As mentioned above, Debtor is an indirect subsidiary of Iowa Pacific Holdings, LLC. Heritage and Debtor are therefore affiliates.

The lease between Appellant and Heritage is for 25 years (ECF No. 5-2 at 76). The Lease provides that the Palm Lane remains the property of Heritage for the extent of the lease and that Heritage "will at all times and at its cost protect and defend the title and interest of [Appellant] in

4

[the Palm Lane] from and against all claims, liens and legal processes of creditors of [Heritage]" (ECF No. 5-2 at 76). The lease also provides, "[Appellant] shall be responsible for any and all storage fees incurred after November 1, 2012" (ECF No. 5-2 at 79). To date, Appellant has not paid Heritage nor Debtor any storage fees.

When Heritage attempted to include Palm Lane in a sale of assets in its own separate bankruptcy case, Appellant notified Appellee that it owned the Palm Lane (ECF No. 5-2 at 9) Afterwards on June 25, 2021, Heritage sent a Notice of Termination of Storage to Appellant pursuant to C.R.S. § 4-7-206, notifying Appellant that on July 31, 2021, storage for the Palm Lane would terminate and the Palm Lane needed to be removed from Debtor's property (ECF No. 5-2 at 12). The letter also explained that if the Palm Lane was not removed and applicable charges paid, Debtor would hold a public auction to sell it (ECF No. 5-1 at 14). Attached to the letter was an invoice for $9,645.00 (ECF No. 5-2 at 32). After Appellant failed to pay the applicable fees and did not remove Palm Lane from Debtor's property, Heritage sold it in a public action for $10,000 with a buyer premium of $1,500 (ECF No. 5-2 at 143-48). As the Trustee of the sale, Appellee incurred costs from the sale of the Palm Lane that exceed the purchase price (ECF No. 5-2 at 75).

### C. ANALYSIS

Appellant made a single claim for conversion underlying its Motion for Summary Judgment. Because there is no federal common law of conversion, the Court looks to state law. *See L-3 Comm. Corp. v. Jaxon Eng'g & Maint.*, Inc., 863 F. Supp. 2d 1066, 1081 (D. Colo. 2012) (applying Colorado law to a conversion claim). Colorado common law conversion is "any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another." *Itin v. Ungar*, 17 P.3d 129, 135 n.10 (Colo. 2000) (internal quotations and

5

citations omitted). To state a claim for conversion under Colorado law, the plaintiff must establish that (1) a defendant has exercised dominion or control over property; (2) that property belonged to [the plaintiff]; (3) the defendant's exercise of control was unauthorized; (4) [the plaintiff] demanded return of the property; and (5) the defendant refused to return it. *DTC Energy Group, Inc. v. Hirschfeld*, 420 F. Supp. 3d 1163, 1181 (D. Colo. 2019).

The Bankruptcy Court concluded, and this Court agrees, that the sole issue is whether Appellee was authorized to exercise control over the Palm Lane. Neither party disputes that Appellee exercised dominion or control over the Palm Lane; that Appellant demanded return of the Palm Lane; or that Appellee refused to return the Palm Lane. As to authorized control, Appellant asserted in its Complaint that Debtor stored the Palm Lane for over eight years without charging any storage fees, which meant Debtor impliedly promised to store it for free. Appellant claimed it relied on this promise to its detriment.

After reviewing the record and construing the undisputed facts in the light most favorable to Appellee, this Court finds there is no genuine issue as to whether Appellee was authorized to control the Palm Lane. Here, the underlying lease was between Appellant and Heritage, not Debtor. Nothing in the facts establishes that Debtor or Trustee made any promises to Appellant, nor that Debtor or Trustee were bound by any provision in the Lease. It is true that Debtor and Heritage, at the time of the underlying issue, were affiliates. But they were nonetheless separate and distinct legal entities. While Colorado courts sometimes bind nonparties to contracts "under principles of agency, incorporation by reference, veil-piercing, assumption or implied conduct, estoppel, successor in interest, and third-party beneficiary," Appellant does not demonstrate, nor does this Court find after thorough review of the record, that any of these principles apply to the

circumstances here. *See Singleton v. Wulff*, 428 U.S. 106 (1976) (holding that a federal appellate court does not consider issues that were not presented below). For these reasons, the Bankruptcy Court did not err by granting Appellee's Motion for Summary Judgment.

### III.     ALTER OR AMEND

A bankruptcy court's ruling on a motion to amend or reconsider is reviewed for abuse of discretion. *Buell v. Sec. Gen. Life Ins. Co.*, 987 F.2d 1467, 1472 (10th Cir. 1993). A lower court abuses its discretion when it issues an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir.1999) (internal quotation omitted); *Burks v. Oklahoma Publishing Co.*, 81 F.3d 975, 979 (10th Cir.1996). "An abuse of discretion occurs only when the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Id.* (internal quotation marks omitted).

A bankruptcy court may grant a motion to alter or amend on three main grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. Fed. R. Civ. P. 59(e); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Granting a motion to alter or amend is appropriate when the court has misinterpreted the facts, a party's position, or the controlling law. *Id*. When reviewing a motion to alter or amend, the court must not consider issues already addressed or arguments that could have been raised in prior briefing. *Id.* A motion to alter or amend is not an opportunity for a party to get a "second bite at the apple" and make legal arguments that could have been raised before. *See Mantle Ranches, Inc. v. U.S. Park Serv.*, 950 F. Supp. 299, 300 (D. Colo. 1997).

The Bankruptcy Court concluded that Appellant made new arguments in its motion and response when it argued, among other things, that an affidavit that Appellee attached to its Motion for Summary Judgment was not based on personal knowledge. Indeed, this matter could have been raised in a timely-filed response to the Motion for Summary Judgment, but was not. Appellant made no argument that the court should have vacated the order due to an intervening change in the controlling law, new evidence, or for a need to correct clear error or prevent manifest injustice. Accordingly, the court's conclusion was not arbitrary, capricious, whimsical, or manifestly unreasonable. This Court finds no error.

## IV.     ORDER

For these reasons, this Court AFFIRMS the Bankruptcy Court Order Granting Summary Judgment and AFFIRMS the Bankruptcy Court Order Denying Motion to Alter or Amend Judgment.

Dated this 29th day of September 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge